**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANKLIN STYER,** | : | **Civil No. 1:13-CV-833** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Judge Yvette Kane)** |
| **v.** | : | |
| | : | |
| **FRITO-LAY, INC.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION

### I. Statement of Facts and of The Case

The plaintiff, Franklin Styer, instituted this workplace discrimination action on April 2, 2013, by filing a complaint, through counsel, alleging, *inter alia*, that his former employer Frito-Lay, Inc. ("Frito Lay"), violated Title VII of the Civil Rights Act of 1964 by creating and maintaining a hostile work environment, engaged in retaliatory harassment of the plaintiff and discriminated against the plaintiff based on race, all of which Styer claims resulted in his involuntary resignation.

At the close of what has been an occasionally contentious period of discovery, Frito-Lay moved for summary judgement, arguing that there was no dispute as to any material issue of fact, and contending that it was entitled to judgment in its favor as

a matter of law. (Doc. 44.) This pleading then set in motion a series of events which culminated in the filing of a motion to strike (Doc. 64), which we address and resolve today.

Thus, Styer responded to this summary judgment motion by tendering an affidavit which he had signed and by submitting two documents styled as affidavits and bearing the electronic signature of Michael Hester-Bey and Terry Hightower. (Doc. 57.) Taken together, these documents controverted Frito-Lay's statement of fact in support of its summary judgment motion and described a racially-charged employment atmosphere at the Frito-Lay York County facility. (Id.)

Frito-Lay replied to this response by attacking Styer's affidavit as a sham affidavit, and by seeking to strike the affidavits of Mr. Hester-Bey and Mr. Hightower. (Doc. 63.) In connection with this reply brief, Frito-Lay, in turn, submitted an affidavit from Mr. Hightower revising some statements which Hightower purportedly made in his initial declaration filed by the plaintiff, along with an affidavit from a private investigator summarizing an interview with Mr. Hester-Bey. In that interview, Mr. Hester-Bey allegedly stated that his filed declaration was "85 to 90 percent accurate", but is alleged to have stated that some factual assertions may be exaggerated. (Id.)

These contentions, advanced by Frito-Lay in its summary judgement reply brief, have now inspired a rejoinder by the plaintiff in the form of a motion to strike both the private investigator affidavit, and various arguments made by the defendant in that reply brief. (Doc. 64.) This motion is fully briefed by the parties, (Docs. 65 and 66.), and is, therefore, ripe for resolution.

For the reasons set forth below, the motion to strike will be denied.

## II. Discussion

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings and provides, in part, that:

> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

F. R. Civ. P., Rule 12(f).

While rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (C.A.La., 1982). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as

a result, . . . '[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.' Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, Federal Practice and Procedure. Civil § 1380 at 783 (1969)). See also, Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[1] (3d ed. 2000)." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001).

Moreover, consistent with this sparing approach urged by the courts with respect to motions to strike, those "pleadings" that may be subject to a motion to strike are construed narrowly. Recognizing that briefs are, by their nature, argumentative and sometimes contentious filings, it is generally held that a brief–as opposed to other forms of pleadings– typically will not be considered a "pleading" which is properly the subject of a motion to strike. Hrubec v. National R.R. Passenger Corp., 829 F.Supp. 1502, 1506 (N.D.Ill.,1993), citing Anna Ready Mix, Inc. v. N.E. Pierson Const. Co., 747 F.Supp. 1299, 1303 (S.D.Ill.1990), and Board of Education v. Admiral Heating and Ventilation, Inc., 94 F.R.D. 300, 304 (N.D.Ill.1982).

In this case, upon consideration of this motion to strike we find, first, that to the extent that object of that motion is portions of a reply brief, this brief is not the appropriate subject of a motion to strike. Hrubec v. National R.R. Passenger Corp., 829 F.Supp. 1502, 1506 (N.D.Ill.,1993). Furthermore, recognizing that "[m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted," Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977), we also find that it has not been shown that the assertions in this brief are both "redundant, immaterial, impertinent, or scandalous" and unfairly prejudicial. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001). Therefore, in the exercise of our discretion, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), we will deny this motion to strike portions of this reply brief. However, because we understand the concerns that motivated the plaintiff to file this pleading, the Court will, instead, treat this motion to strike as a sur-reply brief on the pending summary judgment motion, and will consider the plaintiff's arguments in ruling upon that motion.

As for the motion to strike the private investigator's affidavit attached to this reply brief as inadmissible hearsay, which may not be considered on summary judgment, it is well established that "only evidence which is admissible at trial may be considered in ruling on a motion for summary judgment." Countryside Oil Co.,

Inc. v. Travelers Ins. Co., 928 F.Supp. 474, 482 (D.N.J.1995). This rule applies with particular force to parties who attempt to rely upon hearsay statements to establish material issues of fact which would preclude summary judgment. With respect to such claims, it is well-settled that: "In this circuit, hearsay statements can be considered on a motion for summary judgment [only] if they are capable of admission at trial." Shelton v. University of Medicine & Dentistry of N.J., 223 F.3d 220, 223, n.2 (3d Cir. 2000), citing Stelwagon Mfg. v. Tarmac Roofing Sys., Inc., 63 F.3d 1267, 1275, n.17 (3d Cir. 1995).

There is a necessary corollary to his principle, however, which recognizes that there is often a potential hearsay element to affidavits submitted in connection with summary judgment motions, a hearsay component which can readily be cured at trial by simply calling the declarant referred to in this affidavit. Therefore, it has often been held that hearsay in an affidavit made by someone other than the affiant can be considered on summary judgment if it appears that the declarant would be available at trial to provide direct testimony on the matter. See, e.g., McCann v. Astrue, 293 F. App'x 848, 851 (3d Cir. 2008) (considering testimony on summary judgment from a non-party who testified as to what a third party told him); Shelton v. Univ. of Med. & Dentistry of New Jersey, 223 F.3d 220, 223 n.2 (3d Cir. 2000) ("In this circuit, hearsay statements can be considered on a motion for summary judgment if they are capable

of admission at trial."); Stelwagon Mfg. Co. v. Tarmac Roofing Sys., Inc., 63 F.3d 1267, 1275 n. 17 (3d Cir. 1995) (holding the same); J.F. Feeser, Inc. v. Serv-A-Portion, Inc., 909 F.2d 1524, 1542 (3d Cir. 1990) ("hearsay evidence produced in an affidavit opposing summary judgment may be considered if the out-of-court declarant could later present the evidence through direct testimony, i.e., in a form that would be admissible at trial.") (internal quotations omitted); Williams v. Borough of West Chester, 891 F.2d 458, 465 n. 12 (3d Cir. 1989) (holding the same); Kenawell v. DuBois Bus. Coll., Inc., No. 3:2005-429, 2008 WL 768139, *8 (W.D. Pa. Mar. 20,2008) (noting that "the presence of hearsay can be cured at the time of trial should [third party declarant] testify as to her personal knowledge of the documents").

In this case, where the defendant endeavors to cast doubt upon the accuracy of the electronically signed affidavit of Hightower and Hester-Bey tendered by plaintiff's counsel by submitting countervailing affidavits, including a private investigator's affidavit, they may be ample grounds to consider certain aspects of all of these competing affidavits hearsay. However, it also seems clear that all parties anticipate the complete availability of these witnesses at trial, a simple expedient that would cure any hearsay arguments. Given this fact, and recognizing that "[h]earsay declarations in affidavits may be considered in summary judgment if the declarant would be available for trial and the declaration as set forth in the affidavit would be admissible

if it were made by the declarant in court, J.F. Feeser, Inc. v. Serv–A–Portion, Inc., 909 F.2d 1524, 1542 (3d Cir.1990)," Fitzpatrick v. Nat'l Mobile Television, 364 F. Supp. 2d 483, 495 (M.D. Pa. 2005), we will deny the motion to strike this affidavit.

## III. Conclusion

Accordingly, for the foregoing reasons, the plaintiff's motion to strike (Doc.64.) is DENIED.

So ordered this 6th day of March, 2015.

***/s MARTIN C. CARLSON***
Martin C. Carlson
United States Magistrate Judge